**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WILLIAM STANLEY, individually and on behalf of all others similarly situated, <br><br> v. <br><br> CONOCOPHILLIPS D/B/A CONOCOPHILLIPS, INC. | **Case No.: 3:20-cv-00340** <br> Rule 23 Class Action <br> Collective Action (29 U.S.C. § 216(b)) |

**CLASS ACTION COMPLAINT**

**SUMMARY**

1. ConocoPhillips pays its pipeline inspectors a day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to William Stanley and other similarly situated workers, Stanley seeks to recover unpaid wages and other damages owed to these workers under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"). ConocoPhillips's day rate compensation plan also violates the laws of Illinois. Accordingly, Stanley seeks unpaid wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") as class actions under Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. The proposed classes each include a total number of plaintiffs in excess of 100.

4. Stanley is a resident of Louisiana and ConocoPhillips is a resident of Texas.

5. The amount in controversy is in excess of $5,000,000 exclusive of interest and costs.

6. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA (29 U.S.C. § 216(b)) and supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Stanley's claim occurred in this district and ConocoPhillips conducts business here.

## THE PARTIES

8. Stanley was employed by ConocoPhillips as a pipeline inspector in 2019 in Wood River, Illinois.

9. ConocoPhillips is a multi-billion-dollar oil and gas behemoth with operations all over the world and in multiple states in the U.S. It is headquartered in Houston, Texas.

10. At all relevant times, ConocoPhillips's gross annual revenues ranged from more than $20B to more than $60B.

11. As part of its operations, ConocoPhillips builds pipelines, including within this judicial district.

12. ConocoPhillips employed and/or jointly employed Stanley and the Class Members to inspect pipelines.

13. At all relevant times, Stanley was ConocoPhillips's "employee" as defined by the FLSA, IMWL, and the IWPCA.

14. At all relevant times, ConocoPhillips's gross annual revenues exceeded the $500,000 threshold for enterprise coverage under the FLSA.

15. At all relevant times, ConocoPhillips's employees routinely used automobiles, computers, tools, office equipment, and safety gear to perform their jobs. These items, as well as other goods or materials used, handled, or sold by ConocoPhillips's employees, were either produced for

interstate commerce or actually moved in interstate commerce. Accordingly, ConocoPhillips is a covered enterprise engaged in interstate commerce under the FLSA and has been so at all relevant times.

16. ConocoPhillips paid Stanley and similarly situated pipeline inspectors a day rate, without overtime pay required by the FLSA, the IMWL, and the IWPCA.

17. Stanley's written consent to be a party plaintiff is attached as Exhibit 1.

18. Stanley seeks to represent three classes of similarly situated day rate inspectors. Collectively, these inspectors are referred to as the "Class Members."

19. Stanley seeks to represent a class under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former inspectors working on pipelines for ConocoPhillips and who were paid a day rate during the last three years (the "FLSA Class").**

20. Stanley seeks to represent a class under Rule 23 of the Federal Rules of Civil Procedure that is defined as:

> **All current and former inspectors working on pipelines for ConocoPhillips in Illinois and who were paid a day rate within the statute of limitations applicable to the IWPCA (the "IWPCA Class").**

21. Stanley seeks to represent a class under Rule 23 of the Federal Rules of Civil Procedure that is defined as:

> **All current and former inspectors working on pipelines for ConocoPhillips in Illinois and who were paid a day rate within the statute of limitations applicable to the IMWL (the "IMWL Class").**

## FACTS

22. ConocoPhillips, as part of its regular operations, builds, maintains, and inspects pipelines.

23. Stanley and the Class Members performed duties for ConocoPhillips that were integral to its operations, including inspecting pipelines.

24. Stanley and the Class Members perform routine pipeline inspection work to ensure the pipeline meets standardized requirements.

25. Stanley and the Class Members ensured ConocoPhillips's pipelines met standard criteria required by ConocoPhillips.

26. For example, if the landowner agreement with ConocoPhillips called for covering the disturbed earth over a freshly installed pipeline with sod, Stanley's and the Class Members' inspections included verifying this was done.

27. Another example of the kind of inspection work Stanley and the Class Members performed was to inspect the backfill material placed around the pipeline for rocks or other objects that could harm the pipe's protective coating.

28. If the back fill contained rocks over 2 inches, for example, Stanley's and the Class Members' inspection would note this because the crews would be required by ConocoPhillips to use a sifter to remove the rocks.

29. Stanley and the Class Members used machines to inspect the pipeline's coating and welds according to standards set by code.

30. The duties of pipeline inspectors like Stanley and the Class Members do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

31. ConocoPhillips paid Stanley and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

32. Throughout Stanley's employment with ConocoPhillips, ConocoPhillips paid him on a day rate basis.

33. Stanley and the Class Members work for ConocoPhillips under its day rate pay scheme.

34. If Stanley and the Class Members did not work, they did not get paid.

35. Stanley and the Class Members receive a day rate.

36. Stanley and the Class Members do not receive overtime pay.

37. Stanley and the Class Members did not receive overtime pay even though they often work 14 or more hours a day, for 7 days a week, for weeks at a time.

38. ConocoPhillips required Stanley and the Class Members to attend daily inspector meetings.

39. For example, ConocoPhillips required Stanley's presence in these meetings every morning at 6:00 a.m.

40. In these daily meetings, Stanley received instructions from his ConocoPhillips' manager about the work for the day.

41. By 7:00 a.m. ConocoPhillips required Stanley and the Class Members to be on site doing their inspection work.

42. Stanley and the Class Members worked until ConocoPhillips was done for the day, which was supposed to be around 5:30-6:00 p.m., but often carried on until it was dark.

43. Stanley and the Class Members received a day rate for each day they worked for ConocoPhillips.

44. Stanley submitted time sheets to ConocoPhillips, who approved them, but then forwarded them to a third-party agency through which ConocoPhillips paid Stanley.

45. ConocoPhillips knew that it was against the law to not keep accurate records of the hours worked by Stanley and the Class Members.

46. But ConocoPhillips instructed Stanley to never put more than 12 hours on his timesheets, even though he regularly worked in excess of 14 hours in a day and ConocoPhillips knew that, too.

47. An instruction like ConocoPhillips's instruction to record 12 hours per day is common for day rate workers like Stanley and the Class Members because they are paid per day worked, not according to the number of hours they worked.

48. Stanley's day rate was $585 per day.

49. Although Stanley typically worked 7 days per week, for 14 or more hours per day, he did not receive any overtime pay.

50. Stanley and the Class Members received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

51. Stanley and the Class Members are not employed on a salary basis.

52. Stanley and the Class Members do not receive, and never have received, guaranteed weekly compensation irrespective of the days worked (*i.e.*, the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

53. Stanley and the Class Members work in accordance with the schedule set by ConocoPhillips and/or its clients.

54. Stanley's work schedule is typical of the Class Members.

55. ConocoPhillips controls Stanley's and the Class Members' pay.

56. Likewise, ConocoPhillips controls Stanley's and the Class Members' work.

57. ConocoPhillips requires Stanley and the Class Members follow ConocoPhillips's and/or its clients' policies and procedures.

58. Stanley and the Class Members' work must adhere to the quality standards put in place by ConocoPhillips and/or its clients.

59. Stanley and the Class Members are part of a permanent workforce employed to perform all of ConocoPhillips's pipeline inspection work.

60. ConocoPhillips provides all meaningful capital investment required to construct pipelines.

61. Stanley and the Class Members do not provide anything beyond what employees ordinarily provide to do their work.

62. Stanley and the Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

63. As inspectors, Stanley and the Class Members were responsible for ensuring ConocoPhillips's and/or its clients' pipelines were completed according to established guidelines, specifications, and restrictions.

64. All the Class Members perform similar duties related to inspecting pipelines and ensuring work is done according to established guidelines, specifications, and restrictions.

65. Stanley and the Class Members provide daily inspection reports to ConocoPhillips personnel.

66. At all relevant times, ConocoPhillips (and/or its clients) maintained control over Stanley and the Class Members via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

67. Stanley and the Class Members do not have the power to hire or fire any employees.

68. Stanley's working relationship with ConocoPhillips is similar to ConocoPhillips's relationship with the Class Members.

69. ConocoPhillips knowingly failed to accurately record the hours worked by Stanley and the Class Members.

70. ConocoPhillips knew Stanley and the Class Members worked more than 40 hours in a week.

71. ConocoPhillips knew, or showed reckless disregard for, whether the Class Members were entitled to overtime.

72. Nonetheless, ConocoPhillips failed to pay Stanley and the Class Members overtime.

73. ConocoPhillips willfully violated the FLSA.

### CAUSE OF ACTION UNDER THE FLSA (COLLECTIVE ACTION)

74. By failing to pay Stanley the Class Members overtime at one-and-one-half times their regular rates, ConocoPhillips violated the FLSA's overtime provisions.

75. Because ConocoPhillips knew, or showed reckless disregard for whether, its pay practice violated the FLSA, ConocoPhillips owes these wages for the past three years.

76. ConocoPhillips owes Stanley and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

77. Stanley and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### CAUSE OF ACTION UNDER THE IWPCA (CLASS ACTION)

78. This count arises from ConocoPhillips's violation of the IWPCA for its failure to pay Stanley and all others similarly situated for all hours worked at their agreed upon rates.

79. Stanley brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure for the IWPCA Class.

80. On information and belief, the IWPCA Class includes over 100 workers.

81. ConocoPhillips violated the IWPCA by failing to compensate Stanley and the members of the IWPCA Class for all hours worked in Illinois at their agreed upon rates of pay.

82. Accordingly, Stanley and the IWPCA Class are entitled to all unpaid wages at their agreed upon rates, damages of 2% of these unpaid wages for each month following the date of payment during which these unpaid wages remain unpaid, reasonable counsel fees and costs, prejudgment interest, an injunction requiring ConocoPhillips to comply with the terms of the IWPCA, and all other relief the Court deems appropriate.  *See* 815 ILCS 205/2; 820 ILCS 115/14

### CAUSE OF ACTION UNDER THE IMWL (CLASS ACTION)

83. This count arises from ConocoPhillips's violation of the IMWL for its failure to pay Stanley and the IMWL Class members their earned overtime pay at one and one-half times their regular rates of pay for time worked in Illinois in excess of forty (40) hours in any workweek.

84. Stanley brings this count as a class action under Rule 23 of the Federal Rules of Civil Procedure for the IMWL Class.

85. ConocoPhillips violated the IMWL by failing to compensate Stanley and the IMWL Class members consistent with the maximum hour provisions.  For all the time worked in Illinois in excess of 40 hours in individual workweeks, Stanley and the IMWL Class members were entitled to be paid one and one-half times their regular rates of pay.

86. Accordingly, Stanley and the IMWL Class are entitled to recover all unpaid overtime wages, punitive damages in the amount of two percent (2%) per month of the amount of underpayment, reasonable counsel fees and costs, prejudgment interest on the unpaid wages, an injunction precluding ConocoPhillips from violating the IMWL, and any other relief deemed appropriate by the Court.  *See* 815 ILCS 205/2; 820 ILCS 105/12.

### RULE 23 CLASS ALLEGATIONS

87. Stanley brings his IWPCA and IMWL claims under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and classes of all current and former inspectors working on

pipelines for ConocoPhillips in Illinois who were paid a day rate during the applicable limitations periods.

88. ConocoPhillips's policy of failing to pay for time worked at agreed rates and overtime for hours worked in excess of forty hours in a week affects members of the IWPCA Class and IMWL Classes in a similar manner. Stanley and the members of these proposed classes have claims based on the same legal and remedial theories. Stanley's claims are therefore typical of the members of the IWPCA Class and the IMWL Class.

89. This action involves substantial questions of fact and/or law common to the claims of the IWPCA and IMWL Class members, including, but not limited to, whether ConocoPhillips has a policy of failing to pay for all hours worked and whether ConocoPhillips has a policy of paying day rates with no overtime pays.

90. There are questions of law and fact that are common to all members of the subclasses which predominate over any question affecting only individual class members and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

91. Although Stanley does not know the precise number of members of the proposed classes, there are at least a hundred in each and the members of each class are numerous and geographically dispersed so that joinder is impracticable. The identity of the members of the class is readily discernable from ConocoPhillips's records.

92. Stanley and the proposed classes on one hand, and ConocoPhillips on the other, have a commonality of interest in subject matter and remedy sought, namely: back wages plus penalties, interest, attorney's fees and the cost of this lawsuit.

93. If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiple lawsuits, creating a hardship to the individuals and to the Court, as well as to ConocoPhillips. Accordingly, a class action is an appropriate method

for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

94. Stanley will fairly and adequately protect the interests of the proposed classes in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Stanley has no interests antagonistic to the members of the proposed classes. Stanley is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general, and wage and hour litigation in particular.

**RELIEF SOUGHT**

95. WHEREFORE, Stanley seeks relief against ConocoPhillips as follows:

   a. Judgment for all damages listed under the FLSA, IWPCA, and the IMWL above, which are incorporated herein by reference;

   b. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   c. An Order certifying the IWPCA and IMWL Classes as class actions under Rule 23 of the Federal Rules of Civil Procedure;

   d. Judgment pursuant to Section 16(b) of the FLSA finding ConocoPhillips liable for unpaid back wages due to Stanley and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

   e. Judgment under the IWPCA for Stanley and the IWPCA Class for all unpaid wages at their agreed upon rates, damages of 2% of these unpaid wages for each month following the date of payment during which these unpaid wages remain unpaid,

and an injunction requiring ConocoPhillips to comply with the terms of the IWPCA;

f.  Judgment under the IMWL for all unpaid overtime wages, punitive damages in the amount of two percent (2%) per month of the amount of underpayment, reasonable counsel fees and costs, prejudgment interest on the unpaid wages, and an injunction precluding ConocoPhillips from violating the IMWL;

g.  Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

h.  All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:    (713) 352-1100
Telecopier:    (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiff**